### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------------x

| | | |
|---|---|---|
| FRANK R. ZOKAITES | : | Civil Division |
| | : | |
| Plaintiff, | : | No. 09-853 |
| | : | |
| **v.** | : | |
| | : | Judge Standish |
| PALISADES COLLECTION, LLC | : | |
| a Delaware limited liability company | : | |
| and BUREAU OF COLLECTION | : | |
| RECOVERY, LLC,  a Minnesota Limited | : | |
| Liability Company, | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------------x JURY TRIAL DEMANDED

### DEFENDANT'S, PALISADES COLLECTION, LLC, ANSWER
### TO PLAINTIFF'S COMPLAINT ALONG WITH AFFIRMATIVE DEFENSES

Defendant, Palisades Collection, LLC (hereinafter also referred to as "Answering Defendant"), by and through its attorneys, Ogg, Cordes, Murphy & Ignelzi, LLP, hereby responds to Plaintiff's Complaint and avers as follows:

### FIRST AFFIRMATIVE DEFENSE

1.      Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.      Admitted.

3.      Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint. Moreover, denied to the extent said allegations constitute conclusions of law.

5.      Denied. Answering Defendant lacks knowledge or information sufficient to form

1

a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Admitted in part and denied in part.  Answering Defendant admits only that it attempted to contact plaintiff concerning an assigned debt from AT&T incurred by Plaintiff to AT&T.  All other averments are deemed denied.

14.     Admitted in part and denied in part.  It is admitted only that Answering Defendant and Plaintiff had telephone communication concerning the debt incurred by Plaintiff to original creditor, AT&T.   All remaining averments are denied.

15.     Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint

17.     Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint

18.     Denied. Moreover, denied as a conclusion of law.

19.     Denied. Moreover, denied as a conclusion of law.

20.     Denied. Moreover, denied as a conclusion of law.

21.     Answering Defendant incorporates herein by way of reference its responses to Paragraphs 1 through 20 as though set forth in full herein.

22.     Denied. Moreover, denied as a conclusion of law.

23.     Denied. Moreover, denied as a conclusion of law.

**WHEREFORE**, Defendant, Palisades Collection, LLC, demands judgment in its favor and against Plaintiff together with attorney's fees, costs and any other relief deemed just and proper.

24.     Answering Defendant incorporates herein by way of reference its responses to Paragraphs 1 through 23 as though set forth in full herein.

25.     Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint.  To the extent the allegations constitute conclusions of law, they are denied.

26.     Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     Denied.  Moreover, denied as a conclusion of law.

28.     Denied.  Moreover, denied as a conclusion of law.

**WHEREFORE**, Defendant, Palisades Collection, LLC, demands judgment in its favor and against Plaintiff together with attorney's fees, costs and any other relief deemed just and proper.

29.     Answering Defendant incorporates herein by way of reference its responses to Paragraphs 1 through 28 as though set forth in full herein.

30.     Denied.  Denied as a conclusion of law.

31.     Denied.  Denied as a conclusion of law.

32.     Denied.  Denied as a conclusion of law.

33.     Denied.  Denied as a conclusion of law.

34.     Denied.  Denied as a conclusion of law.

35.     Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     Denied.  Denied as a conclusion of law.

37.     Denied.  Denied as a conclusion of law.

**WHEREFORE**, Defendant, Palisades Collection, LLC, demands judgment in its favor and against Plaintiff together with attorney's fees, costs and any other relief deemed just and proper.

38.     Answering Defendant incorporates herein by way of reference its responses to Paragraphs 1 through 37 as though set forth in full herein.

39.     Denied.  Denied as a conclusion of law.

40.     Denied.  Denied as a conclusion of law.

41.     Denied.  Denied as a conclusion of law.

42.     Denied.  Denied as a conclusion of law.

43.     Denied.  Denied as a conclusion of law.

44.     Denied.  Denied as a conclusion of law.

45.     Denied.  Denied as a conclusion of law.

46.     Denied.  Denied as a conclusion of law.

47.     Denied.  Denied as a conclusion of law.

48.     Denied.  Denied as a conclusion of law.

49.     Denied.  Denied as a conclusion of law.

**WHEREFORE**, Defendant, Palisades Collection, LLC, demands judgment in its favor and against Plaintiff together with attorney's fees, costs and any other relief deemed just and proper.

50.     Answering Defendant incorporates herein by way of reference its responses to Paragraphs 1 through 49 as though set forth in full herein.

51.     Denied.  Denied as a conclusion of law.

52.     Denied.  Denied as a conclusion of law.

53.     Denied.  Denied as a conclusion of law.

54.     Denied.  Denied as a conclusion of law.

**WHEREFORE**, Defendant, Palisades Collection, LLC, demands judgment in its favor and against Plaintiff together with attorney's fees, costs and any other relief deemed just and proper.

## SECOND AFFIRMATIVE DEFENSE

55.     Any alleged acts or omissions of Answering Defendants (specifically denied herein), were not the proximate cause of Plaintiff's damages.

## THIRD AFFIRMATIVE DEFENSE

56.     Plaintiff has not been damaged in any amount.

## FOURTH AFFIRMATIVE DEFENSE

57.     Plaintiff alleged damages, if any, were the direct and proximate result of unforeseen and unforeseeable negligent, grossly negligent, wanton, reckless acts, omissions and/or conduct of others including plaintiff, for whom Answering Defendants had no legal responsibility or control and which may constitute a superseding and/or intervening cause of the alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

58.     Plaintiff's damages are speculative and are not reasonably foreseeable.

## SIXTH AFFIRMATIVE DEFENSE

59.     Plaintiff's alleged damages or claims are barred or substantially reduced because plaintiff failed to mitigate its own alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

60.     Plaintiff's alleged damages are, or may be, limited by Statute.

## EIGHTH AFFIRMATIVE DEFENSE

61.     Answering Defendant specifically denies each and every allegation of plaintiff's Complaint of conduct providing any basis of liability, and specifically denies that plaintiff was caused to sustain any damages and/or losses as the proximate result or a substantial contributing factor of any act or failure to act by Answering Defendant.

## NINTH AFFIRMATIVE DEFENSE

62.     Plaintiff's Complaint should be dismissed pursuant to the Statute of Limitations.

## TENTH AFFIRMATIVE DEFENSE

63.     In the event of any alleged violations (specifically denied herein), such was not intentional and resulted from a bona fide clerical error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

## ELEVENTH AFFIRMATIVE DEFENSE

64.     Plaintiff's damages may be barred or substantially reduced by the Doctrine of set-off.

## TWELFTH AFFIRMATIVE DEFENSE

65.     Answering Defendants asserts all of the defenses available to them pursuant to the Fair Debt Collection Practices Act.

## THIRTEENTH AFFIRMATIVE DEFENSE

66.     Plaintiff's Claims and/or remedies are limited by the Fair Debt Collection Practices Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

67.     Answering Defendant pleads accord and satisfaction.

## FIFTEENTH AFFIRMATIVE DEFENSE

68.     Answering Defendant pleads failure of consideration.

## SIXTEENTH AFFIRMATIVE DEFENSE

69.     Answering Defendant pleads laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

70.     Answering Defendant pleads waiver.

## EIGHTEENTH AFFIRMATIVE DEFENSE

71.     Answering Defendant asserts all of the defenses available to it pursuant to the Fair Credit Extension Uniformity Act.

## NINETEENTH AFFIRMATIVE DEFENSE

72.     Plaintiff's claims and/or remedies are limited by the Fair Credit Extension Uniformity Act.

## TWENTIETH AFFIRMATIVE DEFENSE

73.     Answering Defendant may have been contributorily and/or comparatively negligent at all times materials to Plaintiff's Complaint. Answering Defendant pleads the gist of the case doctrine.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

74.     Answering Defendant pleads the economic loss doctrine.


                                    Respectfully submitted,

                                    **OGG, CORDES, MURPHY & IGNELZI, LLP**


                                    /S/ Samuel J. Cordes
                                    Samuel J. Cordes
                                    Pa.I.D. No. 54874

                                    245 Fort Pitt Boulevard
                                    Pittsburgh, PA 15222
                                    (412) 471-8500

                                    Attorney for Defendant,
                                    Palisades Collection, LLC

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 30th day of June, 2009, I served the foregoing Answer and Affirmative Defenses  via U.S. Regular Mail, addressed to the following:


Jeffrey A. Hulton, Esquire
Brandt, Milnes & Rea
1109 Grant Building
310 Grant Street
Pittsburgh, PA 15219

Bureau of Collection Recovery, LLC
7575 Corporate Way
Eden Prairie, MN 55344



/S/ Samuel J. Cordes
Samuel J. Cordes, Esquire